OPINION
{¶ 1} This is an appeal from a judgment of conviction after a plea of no contest and sentencing under R.C. § 4511.19(A)(1) subsequent to a denial of a motion to suppress appellant's arrest, the field sobriety tests and a motion in limine.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 30, 2002 appellant was observed by Trooper Weaver of the State Highway Patrol operating his vehicle several times at 40 mph in 25 mph zones and without a turn signal on one right hand turn. He stopped appellant's vehicle and administered a Horizontal Gaze Nystagmus test (HGN), a walk and turn test and one-leg stand test. After these tests, appellant was arrested and transported to the police department where he refused the breath test.
 {¶ 3} The trooper acknowledged that he did not perform the HGN test in strict compliance with the National Highway Traffic Safety Administration (NHTSA) manual. He also failed to remember some of the specifics of the testing procedure.
 {¶ 4} The NHTSA manual was not introduced by appellee in the hearing on appellant's motion to suppress.
 {¶ 5} The trial court, while not accepting the HGN test, relied on the trooper's testimony, without the actual NHSTA manual in denying the motion.
 {¶ 6} Appellant thereafter entered a no-contest plea and was sentenced.
 {¶ 7} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 8} "I. Trial court erred by failing to suppress all field sobriety tests."
 {¶ 9} "II. The trial court erred by failing to suppress appellant's arrest when the officer lacked probable cause to arrest appellant for OMVI."
 {¶ 10} There are three methods of challenging on appeal a trial court=s ruling on a motion to suppress. First, an appellant may challenge the trial court=s findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial courts findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial courts conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and Statev. Guysinger (1993), 86 Ohio App.3d 592, 594.
 II. {¶ 11} We shall address the second Assignment of Error initially. In this case, with the traffic violations, Trooper Weaver had a reasonable and articulable basis to effect an investigatory stop.
 {¶ 12} Upon approaching appellant, who had exited his vehicle, the trooper noticed a strong odor of alcohol (T. at p. 6) and that he was uneven on his feet, and had bloodshot, glassy eyes (T. at p. 14).
 {¶ 13} An officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. e.g. State v. Heston (1972), 29 Ohio St.2d 152, cert. denied,409 U.S. 1038.
 {¶ 14} Therefore, under the circumstances presented, Trooper Weaver had probable cause to effect an arrest. The second Assignment of Error is denied.
 I. {¶ 15} Addressing the first Assignment of Error we have examined the trial court's consideration of this issue, being mindful that Judge Higgins correctly rejected the HGN test as admittedly not being strictly performed. State v. Homan (2000), 89 Ohio St.3d 421.
 {¶ 16} As to the remaining field sobriety tests the trial court held:
 {¶ 17} "Defense counsel argues the tests were not done in strict compliance with the National Highway Traffic Safety Administration field sobriety testing procedures. The Court is left in a quandary. No one introduced what the procedures are and the Court cannot take judicial notice of the procedures. The issue becomes whether or not it is incumbent upon the State when a motion such as this is made to produce into evidence a copy of the NHTSA manual or whether the burden shifts to the Defendant to provide evidence of noncompliance by introducing the manual himself. The Court concedes that other appellate jurisdictions have ruled that the burden is on the prosecution to admit the manual into evidence. However, in that case, State of Ohio v. Sean D. Nickelson, 2001 Ohio App. Lexis 3261, the Huron County Court of Appeals noted that no witness testified as to the guidelines. In the case before this Court the trooper testified that he did conduct the test in conformity with the manner and procedures with which he was taught. Since he did that the burden, the Court feels, shifts to the Defendant to impeach, if he is able. The Defendant chose to do nothing in this case along those lines."
 {¶ 18} While we do not decide that the introduction of the NHTSA manual is a necessary predicate to this issue, we must agree with the court in State v. Nickelson (July 20, 2001), Huron App. No. H-00-036 when it concluded:
 {¶ 19} "While appellee introduced testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the National Highway Traffic Safety Administration. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed. SeeState v. Homan (2000), 89 Ohio St.3d 421."
 {¶ 20} In the case sub judice, while Trooper Weaver testified as to his certification to administer the tests (T. at p. 7), he did not testify as to the standardized requirements of the NHTSA guidelines but merely how appellant performed the walk and turn and one-leg stand. Also, as in Nickelson, supra, the manual was not introduced.
 {¶ 21} We find that the State therefore failed in its burden as to the evidence required to oppose the motion to suppress and that the burden had not shifted to appellant to establish the standardized manner of conducting such tests as required by the NHTSA by impeaching the Trooper. By placing this burden on appellant, he was required by impeachment or introduction of the NHTSA manual to carry the burden required of the State.
 {¶ 22} We therefore sustain the first Assignment of Error, reverse the decision of the trial court in this regard and remand for further proceedings in accordance herewith.
By: Boggins, J., Edwards, J concur
Hoffman, P.J. concurs separately.